Opinion by EKWALL, J. It was stipulated that certain items of the merchandise are similar in all material respects to the creme de cassis the subject of *DeFremery* v. *United States* (31 C. C. P. A. 83, C. A. D. 253), and that the alcohol contained in said merchandise was as follows: Entry 4490, 18 percent; entry 4503, 19 percent; and entry 5011, 15 percent. The claim of the plaintiff was therefore sustained as to the items in question and upon the basis of the percentages of alcohol set forth in the stipulation.

BEFORE THE FIRST DIVISION, NOVEMBER 12, 1948

**No. 52676.**—Golding Bros. Co., Inc. *v.* United States, petition 6673–R (New York).

Opinion by OLIVER, C. J. From the testimony it appeared that this was one of a series of test cases which were the subject of previous petitions before this court, all of which have been decided in favor of the petitioner (Abstracts 51047, 51672, and 51860). The importer, after filing an appeal for reappraisement, investigated market conditions in the country of exportation to determine the proper dutiable value of the merchandise. Thereafter, the importer entered into a stipulation with the Government to the effect that the United States value was the proper basis for the determination of the value of the merchandise here involved and that the appraised value was the proper dutiable value. On the record presented it was held that entry of this merchandise was made without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

NOVEMBER 8, 1948

**No. 52677.**—Stan Newcomb and Barbara Todd *v.* United States, Petitioners' application for rehearing denied.

BEFORE THE THIRD DIVISION, NOVEMBER 15, 1948

**No. 52678.**—Coyle-McMorries Co., Inc. *v.* United States, petition 6626–R (Mobile).

Opinion by CLINE, J. The petition was dismissed.

BEFORE THE FIRST DIVISION, NOVEMBER 17, 1948

**No. 52679.**—Hoffman La Roche, Inc. *v.* United States, protests 134351–K, etc. (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52680.**—Tuteur Bio Chemicals, Inc. *v.* United States, protests 137887–K, etc. (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52681.**—Burroughs Wellcome & Co., Inc., et al. *v.* United States, protests 140314–K, etc. (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52682.**—European Chemical & Metal Co. *v.* United States, protest 141597–K (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52683.**—Associated Merchandising Corp. et al. *v.* United States, protests 135230–K, etc. (New York).

Opinion by COLE, J.   The protests were dismissed.

BEFORE THE SECOND DIVISION, NOVEMBER 17, 1948

**No. 52684.**—Samuel S. Perry *v.* United States, protests 792809–G and 922749–G (San Francisco).